**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LEONARD JOHNSON JR.,

    Plaintiff,

vs.                                                      CASE NO. 3:08-cv-1091-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This matter is before the Court on Plaintiff's complaint (Doc. #1), seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying Plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) disability payments. 42 U.S.C. § 405(g). Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #16, P's Brief). Defendant filed his brief in support of the decision to deny disability benefits (Doc. #17, D's Brief). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated February 23, 2009 (Doc. #12). The Commissioner has filed the transcript of the administrative proceedings and evidentiary record (hereinafter referred to as "Tr." followed by the appropriate page number).

Upon review of the record, the Court found the issue raised by Plaintiff was fully briefed and determined oral argument would not benefit the Court in its making its determinations. Accordingly, the matter has been decided on the written record. For the

reasons set out herein, the Commissioner's decision is **AFFIRMED**.

## PROCEDURAL HISTORY

In the instant action, the ALJ determined Plaintiff had protectively filed applications for DIB and SSI on May 18, 2006 (Tr. 9).[1]  Plaintiff alleged a disability onset date of June 21, 2003 (Tr. 117, 123).  Plaintiff's applications were denied initially and upon reconsideration.  Thereafter, Plaintiff requested an administrative hearing, which was ultimately held on November 15, 2007 in Jacksonville, Florida before administrative law judge (ALJ) Robert Droker (Tr. 22-55).  Plaintiff appeared and testified at the hearing, as did vocational expert (VE) David Jackson.  Plaintiff was represented during the underlying administrative proceedings by attorney William E. Horne Jr. (Tr. 24).  ALJ Droker issued a hearing decision denying Plaintiff's claims for DIB and SSI on December 12, 2007 (Tr. 6-21).  Plaintiff requested review of the hearing decision by the Appeals Council (AC); however, the AC denied Plaintiff's request (Tr. 1-3), making the hearing decision the final decision of the Commissioner.  Plaintiff's current counsel of record, Mr. L. Jack Gibney, Esq., filed the instant action in federal court on November 14, 2008 (Doc. #1).

## SOCIAL SECURITY ACT ELIGIBILITY, THE ALJ DECISION AND THE STANDARD OF REVIEW

Plaintiff is entitled to disability benefits if he is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can

---

[1]The Court was unable to locate documentation of the protective filing in the record. The most recent DIB and SSI applications contained in the record are electronically dated May 31, 2006 (Tr. 117-22, 123-25).  Plaintiff has previously filed several applications for DIB and SSI.  Plaintiff filed two applications in 2003, two applications in 2004, and one application in 2005.  Each application was denied initially and upon reconsideration.  With respect to these earlier applications, it appears Plaintiff did not exhaust his administrative remedies.

be expected to either result in death or last for a continuous period of not less than 12 months. 20 C.F.R. § 404.1505.[2] The Commissioner has established a five-step sequential evaluation process for determining whether Plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. § 404.1520. Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The ALJ found Plaintiff met the Social Security Act's insured status requirements through December 31, 2006 (Tr. 10). At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 21, 2003 (Tr. 11). At step two, the ALJ found Plaintiff had severe impairments of disorders of the spine, DA&A, schizoaffective disorder, affective disorder, and status post motor vehicle accident (Tr. 12). At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 24). The ALJ assessed Plaintiff had the residual functional capacity (RFC) to perform a restricted range of light work, including the ability to lift and/or carry twenty pounds occasionally and ten pounds frequently (Tr.16). The ALJ found Plaintiff was able to stand and/or walk for six hours and sit for six hours in an eight-hour day, but that Plaintiff must have the ability to switch positions at will (Tr. 16). The ALJ also determined Plaintiff was able to occasionally bend, crouch, kneel, stoop, squat or crawl, but must avoid foot controls, ladders or unprotected heights, and operation

---

[2]Unless otherwise specified, all references to 20 C.F.R. will be to the 2009 edition. As the Regulations for SSI disability payments mirror those set forth for DIB on the matters presented in this case, from this point forward the Court may refer only to those sections in 20 C.F.R. pertaining to part 404 and disability insurance benefits.

of heavy machinery (Tr. 16). With respect to Plaintiff's mental limitations, the ALJ found Plaintiff needs to work in a low stress environment and can have only limited contact with the public (Tr. 16).

At step four, the ALJ determined Plaintiff could not return to his past relevant work (PRW) as a delivery driver, groundskeeper or conveyer feeder (Tr. 19). However, at step five, based in part on the VE's testimony, the ALJ determined that, "[c]onsidering the [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform" (Tr. 20). Thus, the ALJ found Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date of June 21, 2003 through the date of the decision (Tr. 21).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of facts are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's

decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

## BACKGROUND AND ANALYSIS

Plaintiff, who was born November 7, 1973 (Tr. 117), was thirty-four years old at the time of the administrative hearing. Plaintiff testified that he has a high school education from which he graduated and then studied electrical engineering in college, apparently without graduating (Tr. 29-30). Plaintiff testified he previously worked as a cook, groundskeeper and warehouseman (Tr. 31). Plaintiff also testified that he quit his job as a cook in 2002 in order to help his mother take care of his aunt after his aunt had a stroke (Tr. 31).[3] Plaintiff was subsequently involved in car accidents on June 21, 2003 and August 12, 2007 (Tr. 26, 31-32). Plaintiff indicated on his Disability Report - Adult that his ability to work was limited due to his neck, back, carpal tunnel, headaches and blurred vision (Tr.

---

[3]The Court notes Plaintiff claimed in his Disability Report-Adult that he stopped working on February 5, 2002 because he was fired (Tr. 143).

143).

On appeal, Plaintiff presents a single argument. Plaintiff contends that the ALJ erred by failing to appropriately evaluate the mental heath evidence in the record (P's Brief at 7). Specifically, Plaintiff argues that the ALJ failed to discuss the weight accorded to the opinion of psychologist Dr. Lynda Smith Walls, Ph.D., who examined Plaintiff in January 2005 (P's Brief at 9).

Defendant responds that contrary to Plaintiff's argument, the ALJ's decision applied the correct legal standards and weighed the evidence in accordance with the requirements of the regulations (D's Brief at 7). Defendant asserts the ALJ examined Dr. Walls' findings and conclusions in evaluating the severity of Plaintiff's impairments (D's Brief at 4-6).

Upon due consideration and review of the record, the Court finds Plaintiff's argument is without merit and addresses the issue below.

**Evaluation of Dr. Walls' Opinion Evidence**

In this case, Plaintiff does not expressly argue that Dr. Walls was a treating psychologist, but claims the ALJ erred by not articulating reasons for rejecting Dr. Walls' opinion (P's Brief at 9). Defendant asserts that the opinion of an examining physician is not entitled to great weight and the ALJ evaluated Dr. Walls evidence in accordance with the Regulation requirements (D's Brief at 7). To determine whether the ALJ erred, the Court must determine whether Dr. Walls should be considered a treating medical source or an examining source.[4]

---

[4]Licensed physicians and licensed or certified psychologists are both acceptable medical sources under the Regulations. 20 C.F.R. § 404.1513. The Court therefore takes notice that the Regulations and case law that refer to treating or examining physicians is similarly applicable to treating or examining psychologists. The Regulations provide that

6

A treating physician is a "medical source who provides [Plaintiff], or has provided [Plaintiff], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [Plaintiff]." 20 C.F.R. § 404.1502.  Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580,583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  *See Edwards*, 937 F.2d at 583.  If an ALJ elects to *disregard* the medical opinion of a treating physician, then he or she must clearly articulate the reasons for so doing.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (emphasis added).

An examining physician is a "medical source who has examined [Plaintiff] but does not have, or did not have, an ongoing treatment relationship with [Plaintiff]." 20 C.F.R. § 404.1502.  The opinion of an examining physician is generally given less weight than a treating physician but more weight than the opinion of a non-examining physician.  20

---

evidence from acceptable medical sources is necessary to establish whether a claimant has a medically determinable impairment.  20 C.F.R. §§ 404.1508, 404.1513(a). Acceptable medical sources include licensed physicians; licensed or certified psychologists; licensed optometrists; licensed podiatrists; and qualified speech-language pathologists. 20 C.F.R. §404.1513(a)

C.F.R. § 404.1527. However, for both a non-examining medical expert and an examining medical source, the ALJ should consider the specialty and expertise of the individual, the evidence in the case record that supports the testimony, the explanation for the opinion, and any other factors relevant to the weight of opinion evidence. *Id.* The ALJ may reject the opinion of any medical source when it is inconsistent with the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983); *see also Patterson v. Chater*, 983 F. Supp. 1410, 1415 (M.D. Fla. 1997) (the court determined the physician was an examining physician when he saw plaintiff once in four years and, thus, the ALJ was justified in rejecting his opinion when it was inconsistent with the record).

It has been found that a single office visit, even for treatment by a medical doctor, is not enough to establish a treating relationship. *Milner v. Barnhard*, 275 Fed. Appx. 947, 948 (11th Cir. 2008).[5] Record evidence demonstrating at least two visits to the same physician and indicating at least two other visits occurred over a six month period has been found to establish a treating relationship. *Morrison v. Astrue*, No. 08-80886-CIV, 2009 WL 3295113, *21-23 (S.D. Fla. Oct. 13, 2009).

In this case Plaintiff was seen by Dr. Walls on two separate dates in January 2005, during which multiple mental tests were administered (Tr. 388-95). It appears the visits to Dr. Walls were undertaken with the single objective to conduct a clinical interview and psychological testing as requested by Division of Vocational Rehabilitation (*see* Tr. 388).

---

[5]Unpublished opinions may be cited throughout this order as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

Thus, on these facts the Court concludes Plaintiff did not establish a treating relationship with Dr. Walls and therefore the opinions expressed by Dr. Walls are not entitled to differential treatment, but must be considered in conjunction with the other evidence of record.

ALJ Droker discussed the evaluation of Plaintiff by Dr. Walls at length in the decision (Tr. 12-13). The ALJ took note that Dr. Walls found Plaintiff's "cognitive and emotional function was such that he would not be expected to be a consistent worker on a routine job" (Tr. 13). The ALJ specifically restated Dr. Walls' diagnoses and symptoms of Plaintiff's condition, including a GAF assessment of 60, which indicates only moderate symptoms in either social or occupational functioning (Tr. 13).[6] It is obvious the ALJ gave due consideration to the opinion evidence expressed within Dr. Walls' report. It is clear to the Court that the ALJ evaluated the evidence from Dr. Walls as an examining medical source and weighed the evidence in accordance with the requirements of the Regulations. *See* 20 C.F.R. § 404.1527(d). Thus, the ALJ did not err in failing to state with specificity the weight afforded to this evidence.

---

[6]The Global Assessment of Functioning Scale (GAF) was designed by mental health clinicians to rate the psychological, social and occupational functioning of an individual on a mental health scale of 0-100. A GAF score of 41-50 describes "serious symptoms" and includes "serious impairment in the social, occupational or school functioning." A GAF score of 51-60 describes "moderate symptoms" and includes only moderate difficulty in functioning. A GAF score of 61-70 indicates "some mild symptoms," but generally functioning "pretty well, has some meaningful interpersonal relationships." A GAF score of 71-80 indicates that if symptoms are present, they are transient and expectable reactions to psycho-social stressors with no more than slight impairment in social, occupational or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, DSM-IV, 32-34 (4th ed., American Psychiatric Assoc. 2000).

**CONCLUSION**

Upon review of the ALJ's decision and the underlying record, the Court finds substantial evidence supports the ALJ's factual findings which were made in accordance with the applicable law and Regulations. For the reasons stated herein, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file. Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida this 22nd day of March, 2010.

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any